**Richard JOHNSON, Plaintiff–Appellant,**

v.

**CITY OF PONTIAC, Defendant–Appellee.**

No. 01–1066.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Richard Johnson appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Johnson sued the City of Pontiac, alleging that the defendant initiated condemnation proceedings against his property in violation of his rights under the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1982. Although the defendant filed a motion to dismiss, Johnson did not respond to this motion, and he failed to appear at a hearing on the motion. The district court dismissed the case because Johnson's complaint failed to state a claim. Johnson then moved the court to reconsider the dismissal of his case. After a hearing, the district court denied the reconsideration motion. Johnson has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Johnson's complaint for failure to state a claim. This court reviews de novo a district court's

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief.

Johnson's claims that the defendant discriminated against him because of his race are without merit. Under Johnson's theories for relief on his discrimination claims, he must demonstrate that the defendant took discriminatory actions against him because of his race. *See Jackson v. City of Columbus*, 194 F.3d 737, 751–52 (6th Cir. 1999) (§ 1981 claim); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1111 (6th Cir.1995) qual protection claim); *Selden Apartments v. United States Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 159 (6th Cir.1986) (§ 1982 claim). However, his complaint does not allege any discriminatory actions by the defendant against Johnson because of his race. Therefore, he has failed to set forth any facts to support a vital element of his claims.

Johnson's due process claim is also without merit. The process required before the state may deprive an owner of property includes notice to the owner prior to the deprivation and the opportunity for a pre-deprivation hearing. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir.1994). The defendant provided Johnson with the required process in this case.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.